UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52452-WLH |
| | : | |
| BRANDY JASMINE HILL, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION TO EMPLOY SPECIAL COUNSEL**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for the bankruptcy estate of Brandy Jasmine Hill ("**Ms. Hill**" or "**Debtor**"), and moves this Court for an Order authorizing him to retain as special counsel on behalf of the estate The Brown Firm, LLC ("**Special Counsel**") to represent the estate with respect to any and all claims outstanding for injuries and losses resulting from a personal injury claim, and respectfully shows this Court as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background Facts and Relief Requested**

2. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on March 30, 2022.

3. Trustee is the duly acting Chapter 7 trustee in this case.

1

18388029v1

4. On the Petition Date, Debtor scheduled a personal injury claim, without a value. [Doc. No. 1 at page 28 of 63]. Through a detailed investigation, Trustee has learned that in December of 2021, Debtor was a passenger in a motor vehicle that was rear ended on Interstate 285, and that she suffered personal injuries as a result of this accident (the "**Personal Injury Claim**" or "**Claim**").

5. Trustee files this employment application to seek approval of the employment of Special Counsel.

6. Trustee has selected Special Counsel for their well-known experience and qualifications in this type of litigation and because Special Counsel has been handling the Claim for Ms. Hill pre- and post-petition. The verified statement of Special Counsel is attached and incorporated herein as Exhibits "A."

7. The professional services Special Counsel may render include:

    (a) To give Trustee legal advice regarding any trial or settlement offer with respect to the Claim;

    (b) To examine and defend the examination of witnesses in any litigation initiated as to the Claim, including in deposition, administrative hearings, or at trial;

    (c) To prepare on Plaintiff/Trustee's behalf motions, pleadings, discovery papers, and all other papers reasonably necessary to pursue the Claim;

    (d) To prepare form of pre-trial orders, prepare the cases for trial, try the cases, and prosecute any appeals or related proceedings as may arise from the Claim; and

18388029v1

      (e)  To perform all other legal services for Plaintiff/Trustee in matters related to the Claim.

8. Prior to the Petition Date, Ms. Hill entered into a representation agreement with Special Counsel (the "**Contract**") to pursue the Claim.  The Contract provided that Special Counsel will be paid thirty-three percent (33%), prior to any suit being filed, of the gross amount paid as settlement proceeds or as satisfaction of any judgment as compensation for legal services rendered in connection with the Personal Injury Claim; thirty-five percent (35%) of the gross amount paid as settlement proceeds or as satisfaction of any judgment as compensation for legal services rendered in connection with the Personal Injury Claim, after a suit is filed but before any post-judgment motions or appeals; and forty percent (40%) of the gross amount paid as settlement proceeds or as satisfaction of any judgment as compensation for legal services rendered in connection with the Personal Injury Claim, after a suit is filed and after post-judgment motions or appeals are filed or begun. Trustee would like to employ Special Counsel under the same terms.   A draft of the Contract that Debtor entered into with Special Counsel pre-petition, with edits made by Trustee, is attached hereto and incorporated herein by reference as Exhibit "B."  Notwithstanding anything to the contrary in the Contract, any proposed settlement or fee awarded to Special Counsel will be subject to and not binding without approval of the Bankruptcy Court

9. To the best of Trustee's knowledge, Special Counsel has no connection with Ms. Hill's creditors, any other party in interest, or their respective attorneys or accountants. In addition, to the best of Trustee's knowledge, Special Counsel has no connection with the United States Trustee, or any person employed by the Office of the United States Trustee.

18388029v1

10. Disclosure is made Special Counsel represented Ms. Hill as to the Personal Injury Claim prior to and after the Petition Date (without any actual knowledge or way to know about the pending bankruptcy case).

11. Special Counsel represents no interest adverse to Trustee or the estate in the matters upon which Special Counsel is to be engaged, and the employment of Special Counsel is in the best interests of this estate.

12. The Contract will function as the fee arrangement for Special Counsel, except that compensation of Special Counsel for services rendered and any ordinary and necessary expenses incurred are subject to approval of this Court, following appropriate application and notice. In addition, Trustee has *deleted* or *crossed-out* all provisions of the Contract that will not be applicable in Special Counsel's representation of the Trustee and the Bankruptcy Estate, including any rights of Special Counsel to act as attorneys-in-fact on behalf of Trustee or the Bankruptcy Estate or to withhold or deposit settlement funds in Special Counsel's escrow account.

13. Trustee proposes that Special Counsel be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to Special Counsel except upon application to and approval by the Court after notice and hearing as required by law.

[INTENTIONALLY LEFT BLANK]

18388029v1

WHEREFORE, Trustee prays that this application be granted, enabling him to retain Special Counsel as special counsel for such purposes as requested herein and that the Court grant such other relief as is just and proper.

Respectfully submitted this 22nd day of July, 2022.

|  |  |
|---|---|
|  | ARNALL GOLDEN GREGORY LLP<br>*Attorneys for Trustee* |
|  |  |
|  | By:*/s/ Michael J. Bargar* |
| 171 17th Street, NW, Suite 2100 | Michael J. Bargar |
| Atlanta, GA 30363 | Georgia Bar No. 645709 |
| (404) 873-8500 | michael.bargar@agg.com |

18388029v1

EXHIBIT "A"

RULE 2014 VERIFICATION WITH REGARD TO
EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a lawyer at The Brown Firm, LLC, 1 Diamond Causeway, Suite 21 #289, Savannah, GA 31406 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Brandy Jasmine Hill ("**Debtor**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, her attorney, creditors, or any party in interest in this case, except as set forth herein. Disclosure is made that the Firm has represented and does represent Debtor in a matter related to the personal injury claim for which Trustee seeks to employ the Firm. Neither I nor any of my partners had any knowledge of or reason to believe that Debtor had filed her now pending bankruptcy case.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Brandy Jasmine Hill, Ch. 7, Case No. 22-52452-WLH, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Disclosure is made, again, that the Firm has represented and does represent Debtor in a matter related to the personal injury claim for which Trustee is employing the Firm.

5. Neither I nor any person in the Firm has a connection with the creditors or any other party in interest in this bankruptcy case, or their respective attorneys and accountants. In addition, neither I nor any person in the Firm has a connection with the United States Trustee or any person employed in the Office of the United States Trustee.

6. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

7. I acknowledge, understand, and agree that the Contract for Services (Exhibit "B" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been deleted shall not apply in the Trustee's employment of the Firm.

8. I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the

18388029v1

Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

9. I further represent and warrant that the Firm maintains errors and omissions insurance coverage in the amount of $1,000,000.00 and has provided the declaration page of its policy to Trustee.

10. I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

11. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 21st day of July, 2022

*Charles Rauton* (signature)

Charles Rauton
Georgia Bar No. 408068

18388029v1

**EXHIBIT "B" FOLLOWS**

18388029v1

# THE BROWN FIRM, LLC
## ATTORNEYS AT LAW

### GEORGIA MVC ADULT CONTRACT

1) <u>Purpose of Representation</u>: This contract certifies that I, __Brandy J. Hill__ ("Client"), retain The Brown Firm, LLC ("Attorney") to represent me in connection with any and all personal injury claims, and claims for uninsured / underinsured motorist benefits, I may have against any and all persons / entities arising out of the incident occurring on: __12/12/2021__ ("Incident").

2) <u>Limited Scope of Representation</u>: It is expressly understood that Attorney shall <u>not</u> be responsible for pursuing any claim for property damage, worker's compensation or disability benefits, or for any other matter other than the Incident, unless expressly agreed upon in writing. Client further understands that Attorney's representation does <u>not</u> include rendering tax advice, social security disability advice, and / or Medicaid eligibility advice, of any kind and that Client must seek such advice from the appropriate professional if desired.

3) <u>Notice to Insurers</u>: **Client is aware that s/he is required to notify all insurers of all claims (property damage, bodily injury, uninsured / underinsured motorist and medpay) if applicable. Client understands that payment under any policy or coverage may be forever barred and lost if immediate notice is not provided to the corresponding insurer.**

4) <u>Attorney's Fee</u>: Attorney's fee for professional services ("Attorney's Fee") is as follows: 33% (thirty-three percent) of the gross amount of the highest settlement offer(s) made by the opposing party or parties, or of any accepted settlement offer(s), before a lawsuit is filed; 35% (thirty five percent) of the highest settlement offer(s) made by the opposing party or parties, accepted settlement(s), verdict(s), or judgment(s) after a lawsuit is filed but before any post-judgment motions or appeals are filed; or 40% (forty percent) of the highest settlement offer(s) made by the opposing party or parties, accepted settlement(s), verdict(s), or judgment(s) after any post judgment motions or appeals are filed.

5) <u>Costs</u>: Costs incurred in investigation, medical report fees, expert witness fees, deposition costs, filing fees, Court costs, copies, postage, and all other case-related expenses ("Costs") are separate from Attorney's Fee, remain the obligation of the Client, and shall be deducted from the net proceeds of the highest settlement offer(s) made by the opposing party or parties, accepted settlement(s), verdict(s), or judgment(s) after deducting Attorney's Fee.

6) <u>Limited Circumstances where no Attorney's Fees or Costs are Owed</u>: **No Attorney's Fee or Costs are owed by Client if Attorney and/or Client elects not to pursue Client's case after investigation. There are also no Attorney's Fee or Costs owed by Client if there is a defense verdict after a trial and the corresponding judgment is affirmed on appeal.**

7) ~~<u>Team Approach</u>: Client agrees and understands that although Client is hiring Attorney to represent Client for the Incident, professional services will be provided through the efforts of multiple persons, including both employed lawyers and non-lawyer staff, who are assigned by Attorney to assist on Client's claim. Each such employed lawyer and Attorney have agreed in advance to a joint fee agreement if the lawyer's employment for Attorney ends but the lawyer continues to~~

~~represent Client. Client approves of this joint fee agreement, which is that that Attorney will receive 80% of the above stated Attorney's Fee as described in Paragraph 4 plus reimbursement of Costs.~~

8) ~~Associate Counsel: In addition to employed lawyers and non-attorney staff, Client also agrees and understands that Attorney may at his sole discretion associate outside counsel to assist with this case, which will not increase Attorney's Fee.~~

9) ~~Deposit Authority: Client authorizes Attorney to endorse for deposit to Attorney's trust account all checks or drafts that are tendered as payment on Client's case.~~

10) ~~Medical Bills / Liens: Attorney will make good faith efforts to negotiate and resolve Client's known medical bills / liens related to the Incident if / when Client's claim is resolved by settlement, verdict, or judgment. Client understands and agrees that Client is ultimately responsible for all medical bills / liens related to the Incident.~~

11) ~~Settlement: Client agrees that s/he will not compromise or settle any personal injury claims related to the Incident without the written consent of Attorney.~~

12) Termination: This contract may be terminated by Client or Attorney upon written notice. ~~Client understands and agrees that Attorney has an equitable interest and / or lien for Attorney's Fee plus Costs. If Client terminates this contract after any settlement offer(s) has / have been made by the opposing party or parties, then Client agrees to pay Attorney the corresponding Attorney Fee described in Paragraph 4 of each such settlement offer, and to reimburse Attorney for all Costs, just as if each settlement offer had been accepted and collected in full prior to discharge. If Client terminates this contract before any settlement offer(s) has / have been made by the opposing party or parties, then Client agrees to pay Attorney at the usual and customary rate of $350.00 per hour and to reimburse all Costs. Written notice of termination by Client should be mailed to Attorney at 1 Diamond Causeway, Suite 21, #289, Savannah, GA 31406. After termination, Attorney will maintain a copy of Client's file and provide copies to Client upon request. Attorney may charge reasonable costs for those copies.~~

13) Confirmation: By signing below, Client confirms that no one: (a) directly or indirectly solicited, induced, coerced, or unfairly influenced Client to hire Attorney, or limited Client's ability to engage legal representation of his/her own choice; (b) offered or has given Client any benefit, material or monetary, to hire Attorney or to obtain treatment with a particular medical provider; and (c) has made any promise or guarantee of payment to Client with regard to the Incident.

14) Client Cooperation: Client acknowledges that s/he has a duty to keep Attorney advised of Client's current contact information and to make her/himself available for preparation and presentation of Client's case.

_____
The Brown Firm, LLC by Harry W. Brown, Jr., JD

_____
Brandy J. Hill
**Client's Printed Name**

_____
**Client's Signature**

DATE: _____12/14/2021_____

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Application to Employ Special Counsel for Trustee* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Bobby Shane Palmer
The Semrad Law Firm
Suite 300
235 Peachtree Street NE
Atlanta, GA 30303

Brandy Jasmine Hill
5317 Riverwalk Place, Apartment E
Atlanta, GA 30349

Charles Rauton
The Brown Firm, LLC
1 Diamond Causeway
Suite 21 #289
Savannah, GA 31406

This 22nd day of July, 2022.

       */s/ Michael J. Bargar*
       Michael J. Bargar
       Georgia Bar No. 645709

18388029v1